IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: DAVID J. AYO AND MELISSA A. NESOM AYO  CASE NO. 17-51400
CHAPTER 7

## MOTION FOR RELIEF FROM STAY

NOW INTO COURT, through undersigned counsel, comes Weststar Mortgage Corporation ("Mover"), a corporation organized and existing under the laws of United States of America, and respectfully represents:

I.

David J. Ayo and Melissa A. Nesom Ayo filed a petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code on October 24, 2017.

II.

This court has jurisdiction to grant the relief sought herein pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 362. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(G).

III.

Mover is a holder of a secured claim against the debtors with a principal balance of $112,817.62, together with payments due from January, 2016, accrued interest and attorney fees and costs, represented by one certain Promissory Note dated March 19, 2009, in the original principal sum of $124,416.00, payable to "First Family Mortgage, Inc.", executed by David J. Ayo and Melissa N. Ayo, payable in monthly installments of principal and interest in the amount of $745.94 per month, commencing on August 1, 2009, and on the first day of each month thereafter, and which note bears interest at the rate of 6.00% per annum from date until paid. A copy of which is attached hereto as Exhibit "A".

IV.

The promissory note described above is secured by a mortgage of even date and amount, recorded in the Parish of St. Martin, State of Louisiana on March 23, 2009, in Mortgage Book 1183, page 187. A copy of which is attached hereto as Exhibit "B". Said mortgage affects the following described property, to wit:

> THAT CERTAIN PARCEL OF GROUND, together with all improvements thereon, and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging and all appurtenances thereof, being known and designated as "Tract 1-A-2C" of Savannah Heights, a subdivision of the Parish of St. Martin, Louisiana, on that certain plat of survey prepared by Montagnet and Domingue, Inc., dated September 30, 2005, and attached to that act recorded under Entry No. 381707, as revised on December 4, 2007, under Entry No. 408627, all of the records of St. Martin Parish, and made part hereof by reference, and being described with reference thereto as having a frontage on Aldus Johnson Road, and as having such dimensions, boundaries and measurements as are more fully shown on said plat of survey, together with a 2009 28 X 68 Kabco manufactured home, model number KB2802 bearing serial number KB025083A/B09.
>
> Property bearing municipal number 1049 Aldus Johnson Road, Breaux Bridge, Louisiana 70517.

V.

Debtor(s) entered into a loan modification on June 11, 2009 modifying the principal balance to $124,416.00, payable in monthly installments of principal and interest in the amount of $745.94 per month commencing on August 1, 2009, and the first day of each month thereafter, and which the interest rate remains 6.00% per annum from date until paid. A copy of which is attached hereto as Exhibit "C".

VI.

The principal balance due and owing to Mover is $112,817.62, together with unpaid installments due from January, 2016 forward, and attorney's fees and costs, all as more fully stipulated in said note and mortgage.

VII.

The schedules list a market value of $110,000.00 for the mortgaged property, which for the purpose of this Motion, Mover accepts as correct. There is little to no equity in the mortgaged property for distribution to unsecured creditors.

VIII.

The schedules filed reflect the intent to surrender the property.

IX.

There is little to no apparent equity in the subject property, nor is this property necessary to an effective reorganization. Therefore, Mover is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

X.

Accordingly, Mover is entitled to have the stay lifted in this proceeding for the following reasons:

1. The Mortgage executed by David J. Ayo and Melissa N. Ayo is in default.

2. No reaffirmation agreement has been entered by and between the Mover and the Debtor as the Debtor intends to surrender the property.

3. There is little to no equity in the mortgaged property for the estate.

WHEREFORE MOVER PRAYS that the stay imposed in these proceedings should be lifted insofar as Mover is concerned and that Mover should be permitted to immediately initiate, continue, or refile suit in any state court of proper jurisdiction to foreclose upon its security interest in the above described real property, to name the debtors as defendants therein and to conduct whatever judicial enforcement proceeding which may be necessary to effectuate this order on the property hereinabove described.

MOVER FURTHER PRAYS that any stay relief granted be deemed continuing, binding and effective in any subsequent conversion of this bankruptcy proceeding.

Dated: November 2, 2017

Respectfully submitted,
Graham, Arceneaux & Allen, LLC
/s/Fred J. Daigle
L. Graham Arceneaux (#25334)
Stacy C. Wheat (#19826)
Fred J. Daigle (#24066)
Foerstner G. Meyer (#37801)
Attorneys for Mover
639 Loyola Ave., Suite 1800
New Orleans, LA 70113
(504)522-8256
bankruptcy@gra-arc.com