FHA Case No.
REDACTED

MIN: REDACTED



# NOTE

March 19, 2009

**1049 ALDUS JOHNSON RD**
**BREAUX BRIDGE, LOUISIANA 70517**
[Property Address]

**1. PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means FIRST FAMILY MORTGAGE, INC. and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY; INTEREST**

In return for a loan received from Lender, Borrower promises to pay the principal sum of ONE HUNDRED TWENTY-FOUR THOUSAND FOUR HUNDRED SIXTEEN and NO/100 Dollars (U.S. $ 124,416.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of SIX percent ( 6.000 % ) per year until the full amount of principal has been paid.

**3. PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**

(A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on August 1, 2009. Any principal and interest remaining on the first day of July, 2039, will be due on that date, which is called the "Maturity Date".

(B) Place

Payment shall be made at 380 PLAZA LOOP, BOSSIER CITY, LOUISIANA 71111, or at such place as Lender may designate in writing by notice to Borrower.

(C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $ 745.94. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D) Allonge to This Note for Payment Adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box.]

☐ Graduated Payment Allonge      ☐ Growing Equity Allonge      ☐ Other [Specify]

**5. BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6. BORROWER'S FAILURE TO PAY**

(A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of FIFTEEN calendar days after the payment is due, Lender may collect a late charge in the amount of 4.00 % of the overdue amount of each payment.

(B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable and customary attorneys' fees of 25.00 % of the sums due under this Note, but not less than U.S. $2500.00. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**LOUISIANA FHA NOTE**

(Page 1 of 2 Pages)      10/95

INITIALS: DA MM

EXHIBIT
A

**7. WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____(Seal)
DAVID J AYO —Borrower

_____(Seal)
MELISSA N AYO —Borrower

'NE VARIETUR' for identification with a Mortgage
given before me, Notary, this 29th day of March 2005

_____
Notary ID/Bar roll #
My commission expires:  At My Death
Notary Public

CHRISTINE ANGELLE GOUDEAU MACDOUGALL
NOTARY PUBLIC
BAR NO. 24110
COMMISSION FOR LIFE

COMMISSION FOR LIFE
BAR NO. 24110
NOTARY PUBLIC
CHRISTINE ANGELLE GOUDEAU MACDOUGALL

PAY TO THE ORDER OF
WESTSTAR MORTGAGE CORPORATION
WITHOUT RECOURSE
FIRST FAMILY MORTGAGE, INC.

By: _____
David Barber, Vice President

**LOUISIANA FHA NOTE**                          (Page 2 of 2 Pages)       10/95

# ALLONGE

This Allonge (the "Allonge") amends that certain promissory note, dated the date hereof, made by the undersigned (whether one or more, collectively, the "Borrower") payable to the order of FIRST FAMILY MORTGAGE, INC. (the "Lender") in the principal amount of $124,416.00 (the "Note"). This Allonge is not intended to be and is not a novation of the Note or a separate note. The Note is hereby amended as set forth below, and this Allonge is hereby incorporated into and made a part of the Note. The Note, as amended by this Allonge, is hereinafter referred to as the "Amended Note."

1. **The Loan.** The Amended Note evidences both a construction loan and a permanent loan (together, the "Loan") made by the Lender to the Borrower in connection with the construction and permanent financing of the Borrower's residence. Advances will be made on the Amended Note in accordance with the provisions of that certain Loan Agreement dated the date hereof by and between the Borrower and the Lender (the "Loan Agreement"). Each Advance, shall be evidenced by the Lender's internal records.

2. **Interest Payments on the Amended Note.** Anything in the Note or otherwise to the contrary notwithstanding, during the time period from the date of this Allonge to the date that is one month prior to the date the first payment of principal and interest is due on the Note (the "Construction Period"), interest on the Amended Note shall accrue at the rate of 12.000% per annum on each Advance, as defined in the Loan Agreement, from the date of each such Advance. Interest accruing during the Construction Period will be calculated based on a 365 day year, or, in the case of a leap year, on a 366 day year. The Lender will bill the Borrower for interest accruing during the Construction Period. The Borrower hereby agrees to pay all interest billed to the Borrower within 15 days after the date of each interest statement; provided, however, that on the last day of the Construction Period, the Borrower shall pay to the Lender all then unpaid, accrued interest in full.

After the end of the Construction Period, if the Work is fully completed by the Completion Date and all other conditions precedent to the Loan being converted to a permanent mortgage loan have been timely met, the Loan shall, on the date that is one month prior to the date the first payment of principal and interest is due on the Note (the "Permanent Loan Date"), be converted to a permanent mortgage loan. Interest shall accrue on the Loan as set forth in the Note, and the Borrower shall make all payments of principal and interest due on the Note after the end of the Construction Period in accordance with the provisions of the Note as modified, if applicable, in accordance with paragraph 3 below.

3. **Permanent Loan.**

A. **Conditions Precedent for the Permanent Loan.** The Lender's obligation to convert the Loan to a permanent mortgage loan evidenced by the Note and secured by the Mortgage is subject to the prior satisfaction of all of the following conditions precedent:

(a) the Work must be completed on or before the Completion Date;
(b) all amounts due under the Note as of the Permanent Loan Date must have been paid when due;
(c) the Lender must have received, prior to the Permanent Loan Date, the following, which must be satisfactory to the Lender:

*(Page 1 of 3 Pages)*

(1) the number of copies the Lender may require of an as-built survey (the "As-Built Survey") prepared by a registered land surveyor or civil engineer satisfactory to the Lender (a "Surveyor") and dated not more than 60 days prior to the Permanent Loan Date, containing a flood zone certification, showing the first floor elevations, if the Property is in an area designated by the Federal Emergency Management Agency as being located in a special flood hazard zone A or V (a "Flood Zone"), and certified correct to the Borrower, the Lender, and the Title Company;

(2) an as-built appraisal of the Property or a recertification of value, whichever is requested by the Lender;

(3) a homeowner's insurance policy with an extended coverage endorsement containing a loss payee clause in favor of the Lender issued by a company satisfactory to the Lender in such amount and with such coverage and provisions as the Lender may require in its sole discretion;

(4) evidence of flood insurance, if required, satisfactory to Lender;

(5) delivery of final lien releases or waivers satisfactory to Lender from Contractor and all subcontractors with respect to the Work;

(6) unconditional certificate of Borrower's architect or Contractor that the Improvements have been completed in accordance with the Plans and Specs and with all laws and governmental approvals, including a permanent certificate of occupancy;

(7) an endorsement to the Title Policy, acceptable to Lender, approving the As-Built Survey and deleting any pending disbursements provision in the Title Policy; and

(8) an affidavit of the Borrower attesting to the Borrower's intent to occupy the Improvements as the Borrower's principal residence; and

(d) the Borrower must have escrowed with the Lender all amounts required to be escrowed;

(e) the Title Policy must include a Manufactured Housing Endorsement;

(f) obtain new Certificate of Title, with Lender's lien formally recorded thereon, from the Office of Motor Vehicles of State of Louisiana;

(g) a State of Louisiana UCC-1 Financing Statement must be filed with the Department of Public Safety and in any and all other appropriate locations reflecting the described mobile home as a fixture on the described real property;

(h) Borrower must execute Limited Power of Attorney, satisfactory to Lender, in connection with conversion of the manufactured home to real property; and

(i) provide Lender with original or file stamped copy of the recorded Affidavit of Intent acknowledging intent for manufactured home to be permanently affixed to the real property.

**B.** Interest Rate Change. Borrower shall change the interest rate reflected in the Note to be applicable to the permanent mortgage loan in accordance with Lender's following procedures; (a) On any day which is not less than 10 calendar days prior to the Completion Date, Borrower must elect an interest rate by executing a lock-in agreement ("Lock-In Agreement"). The elected interest rate shall be the interest rate offered by Lender for the loan program selected by Borrower on the date of Borrower's election. (b) Such election shall only be effective upon actual receipt thereof by Lender at the following address:

FIRST FAMILY MORTGAGE, INC.
380 PLAZA LOOP
BOSSIER CITY, LOUISIANA 71111

(c) After Lender's receipt of the Lock-In Agreement and within not less than 5 calendar days prior to the Completion Date, Borrower must execute, at Lender's address shown above, such amendments and modifications as are acceptable to Lender, in its sole discretion, to reflect the permanent mortgage loan interest rate election and any other resulting changes, including, without limitation, monthly payment amounts, all of which shall be applicable as of the Permanent Loan Date. (d) Borrower acknowledges that prior to changing the interest rate as set forth above, Borrower's financial status must be reverified to determine Borrower's qualification for the permanent mortgage loan at the elected interest rate. Failure to qualify shall constitute a default under this Note.

**4.** Late Charges. During the Construction Period, the Borrower shall pay a late charge of 4.00 % of the unpaid portion of any interest payment that is not paid within 15 days after the date the payment is due, but in no event shall a late charge be payable if it would violate any applicable usury law. Borrower will pay such late charge promptly but only once on each late payment.

**5.** Event of Default. If any interest payment on the Amended Note is not paid promptly when due, or if a default or event of default occurs on any document, instrument, or agreement executed in connection with the Loan, including failure to qualify for the permanent mortgage loan as specified in paragraph 3.B. above, the Lender may, at its option, declare the Amended Note to be in default and the entire unpaid balance due on the Amended Note to be immediately due and payable.

*(Page 2 of 3 Pages)*

6. **Termination.** This Allonge shall terminate when payment in full of all amounts due on this Allonge has been made. Notwithstanding the foregoing sentence or any other provision of the Amended Note, if at any time the Note is sold by the Lender in the secondary market to the Federal National Mortgage Association or the Federal Home Loan Mortgage Corporation, all unpaid amounts due under Sections 2 and 4 of this Allonge shall be immediately due and payable, and this Allonge shall terminate at the time of the consummation of the sale. Notwithstanding a termination of this Allonge, the Note will remain in full force and effect until all amounts owed under the Note are paid in full.

7. **Miscellaneous.** The following provisions shall apply to this Allonge, the Note and the Amended Note:

(a) In the event of a conflict between the provisions of the Note and this Allonge, the provisions of this Allonge shall control.

(b) The invalidity or unenforceability of any provision of the Amended Note shall not render any other provision of the Amended Note invalid or unenforceable.

(c) Each person signing this Allonge shall be solidarily liable to the Lender on this Allonge.

(d) All rights and remedies granted to the Lender under the Amended Note shall be in addition to, and not in lieu of, all other rights and remedies the Lender has in connection with the Loan.

(e) Except as amended or supplemented by this Allonge, the Note shall remain in full force and effect.

(f) Capitalized terms are defined as set forth in the Loan Agreement unless otherwise set forth herein.

Date: 03-19-09

_____(Seal)
DAVID J AYO —Borrower

_____(Seal)
MELISSA N AYO —Borrower

*(Page 3 of 3 Pages)*

# ALLONGE TO NOTE

Note Date:          MARCH 19, 2009

Loan Amount:        $124,416.00

Borrower:           DAVID J AYO AND MELISSA N AYO

Property Address:   1049 ALDUS JOHNSON RD
                    BREAUX BRIDGE, LOUISIANA 70517

---

Pay to the order of

Without recourse
Weststar Mortgage Corporation

By: _____
     Sue Kasten, Underwriter